| | |
|---|---|
| 1 | Scott Alan Burroughs (SBN 235718) |
| | scott@donigerlawfirm.com |
| 2 | Trevor W. Barrett (SBN 287174) |
| 3 | tbarrett@donigerlawfirm.com |
| | Frank R. Trechsel (SBN 312199) |
| 4 | ftrechsel@donigerlawfirm.com |
| 5 | DONIGER / BURROUGHS |
| | 603 Rose Avenue |
| 6 | Venice, California 90291 |
| 7 | Telephone: (310) 590-1820 |
| | Attorneys for Plaintiff |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELLIOT MCGUCKEN, an individual, | Case No.: 2:20-cv-01923-RGK-AS |
| | <u>Honorable R. Gary Klausner Presiding</u> |
| Plaintiff, | |
| v. | **PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| PUB OCEAN LIMITED, a United Kingdom Private Limited Company, individually and doing business as "Scribol Publishing," "Scribol.com," "MagellanTimes.com," "AbsoluteHistory.com," "MaternityWeek.com," and "New Ravel.com"; and DOES 1-10, inclusive, | |
| | Pre-Trial Conf. Date: August 2, 2021 |
| | Pre-Trial Conf. Time: 9:00 a.m. |
| | Trial Date:      August 17, 2021 |
| | Courtroom:    850 |
| | Judge:           Hon. R. Gary Klausner |
| Defendants. | |

Plaintiff, Dr. Elliot McGucken, ("McGucken"), hereby submits the below memorandum of contentions of fact and law.

## CLAIMS AND DEFENSES

**A.     Plaintiff will prove Defendants' liability for copyright infringement**

McGucken pursues a finding of direct, and the to the extent necessary, vicarious and contributory copyright infringement as to Defendant Pub Ocean Limited ("Pub Ocean"). Pub Ocean admitted it did not obtain authorization in writing or otherwise to use McGucken's photographs at issue in this case and admitted access to McGucken's photographs before publishing its article "A Massive Lake Has Just Materialized In The Middle Of One Of The Hottest Places On Earth" (the "Accused Article"), which contains 12 of McGucken's original photographs of Death Valley (the "Subject Photographs"). Pub Ocean failed to present any evidence of independent creation, license, authorization, or any good faith basis related to its use of the photographs. Pub Ocean's sole defense is that its infringement should be excused as a "fair use," yet it provides no evidence of same and all "fair use" factors favor McGucken.

In light of the above, McGucken will prove its claims at trial as follows:

**1.     McGucken owns the registrations at issue**

To establish infringement, McGucken will prove the two required elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282 (1991).

As to the first element, under 17 U.S.C. § 410(c), a "certificate of registration from the U.S. Copyright Office raises the presumption of copyright validity and ownership." *Unicolors, Inc. v. Urb. Outfitters, Inc.* 853 F.3d 980, 988 (9th Cir. 2017); citing *Micro Star v. Formgen Inc.,* 154 F.3d 1107, 1110 (9th Cir. 1998). McGucken

- 2 -

1  registered seven of the Subject Photographs at issue on April 1, 2019 and was
2  allocated the U.S. Copyright Registration Number VA 2-145-698 for those
3  photographs. McGucken registered two of the Subject Photographs at issue on May
4  28, 2019 and was allocated U.S. Copyright Registration Number VA 2-154-767 for
5  those photographs. McGucken registered the remaining three Subject Photographs on
6  June 11, 2019 and was allocated U.S. Copyright Registration Number VA 2-158-307
7  for those photographs. Between March 8, 2019 and March 31, 2019 McGucken
8  published all 12 of the Subject Photographs on his Instagram account.

9  Therefore, McGucken owns the Subject Photographs as he has a valid
10 copyright registration that covers all 12 Subject Photographs. The earliest registration
11 pre-dates the conduct complained of herein, while the other two were registered
12 withing three months of publication of the registered Subject Photographs.
13 McGucken's ownership of the Subject Photographs is further buttressed by the
14 testimony of McGucken himself.

15 There is also no question that the Subject Photographs are protectable by
16 copyright as two-dimensional artworks. To so qualify for protection, a plaintiff must
17 show that "the work was independently created by the author (as opposed to copied
18 from other works), and that it possesses at least some minimal degree of creativity."
19 *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1076 (9th Cir. 2000), quoting *Feist
20 Pub., Inc. v. Rural Tel. Serv. Co., Inc*., 499 U.S. 340, 345 (1991). It is clear that the
21 Subject Photographs possess the requisite creative content and, as such, the Subject
22 Photographs are protectable and McGucken's exclusive property.

23 **2.    Defendants infringed McGucken's copyrights in the Subject
24           Photographs**

25 The second element is also satisfied. Copying is proven by showing that: (1)
26 the Defendant had a reasonable opportunity to view or access the copyrighted

1  material; and (2) the works at issue are substantially similar. *Three Boys Music Corp.
2  v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000). As set forth below, McGucken easily
3  satisfies both prongs.
4        Access can be shown by proving one or more of the Defendants had an
5  "opportunity to view or copy" the subject design. Id., 212 F.3d 477, 483 (9th Cir.
6  2000). Because an infringed party infrequently catches the infringer in the act,
7  "[p]roof of access requires only an opportunity to view or to copy plaintiff's work."
8  *Kamar International v. Russ Berrie & Co.,* 657 F.2d 1059, 1062 (9th Cir. 1981).
9  Access can also be properly inferred in cases where, as here, the infringing work is
10 "strikingly" similar to the design at issue. *Three Boys Music Corp.*, 212 F.3d at 485;
11 *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987) ("Proof of striking similarity
12 is an alternative means of proving 'copying' where proof of access is absent"). To
13 establish striking similarity, McGucken "must demonstrate that such similarities are
14 of a kind that can only be explained by copying, rather than by coincidence,
15 independent creation, or prior common source." *Testa v. Janssen*, 492 F. Supp. 198,
16 203 (W.D. Pa.1980), quoting *Stratchborneo v. Arc Music Corp.*, 357 F.Supp. 1393,
17 1403 (S.D.N.Y.1973).
18        Pub Ocean admits access to the Subject Photographs before their publication of
19 the Accused Article in response to Plaintiff's Requests for Admission. Pub Ocean
20 had an "opportunity to view or copy" the Subject Photographs and the photographs
21 published in the Accused Article are so "strikingly similar" that independent creation
22 is not a reasonable explanation. Pub Ocean even used McGucken's name in
23 connection with the photographs in the Accused Article. This makes clear that it
24 accessed his work and knew him to be the author.
25        Finally, McGucken will establish that the Subject Photographs and the
26 photographs in the Accused Article are at least substantially similar. Substantial
27
28

- 4 -

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

similarity is established by showing extrinsic and intrinsic similarity between the works at issue. *Three Boys Music Corp.*, 212 F.3d at 485. The extrinsic test requires McGucken to "identify concrete elements based on objective criteria." *Id.*, citing *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996). The intrinsic test asks, "whether the ordinary, reasonable person would find the total concept and feel of the works to be substantially similar." *Id.*, quoting *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991).

In this case, McGucken easily satisfies both tests. With regard to the objective "extrinsic test," McGucken will present the Subject Photographs, which comprises various views and orientations of a natural and unique "ephemeral lake" phenomenon that occurred in Death Valley. The photographs all contain specific subject matter, lighting, ratio, color, perspective, and angles. The Subject Photographs have been copied verbatim, in the Accused Article with the same elements, in the same size and scope, with the same subject matter, lighting, ratio, colors, perspective, and angles. The possibility of someone creating their own original photographs containing all of the same elements in the same way is infinitesimal. The only conclusion one can draw is that Pub Ocean's photographs in the Accused Article are identical copies of the Subject Photographs and that the photographs are strikingly similar. The extrinsic test is satisfied.

The "intrinsic test," which focuses on a review of the works by an "ordinary reasonable person" to the works, is also satisfied. *Sid & Marty Krofft v. McDonald's Corp.*, 562 F.2d 1157, 1164 (9th Cir. 1977). Any reasonable viewer that compared these photographs would conclude that the photographs in the Accused Article were copied from the corresponding Subject Photographs. As such, this test is satisfied. A

review of the photographs makes clear that actionable copying has occurred.[1] Every element of the Subject Photographs have all been illegally reproduced in the photographs included in the Accused Article. And the total look and feel of the photographs is the same.

Thus, in light of the above showings of access and substantial similarity, Defendants are liable for copyright infringement.

### B. Plaintiff will prove willful copyright infringement as to defendants

Pub Ocean's infringement was willful. Willful infringement lies when the defendant was actually aware of the infringing activity, or the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Washington Shoe Co. v. A-Z Sporting Goods Inc.,* 704 F.3d 668, 674 (9th Cir. 2012), quoting *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.* ("*Louis Vuitton*")*,* 658 F.3d 936, 944 (9th Cir. 2011). The court may find willfulness based on either intentional behavior or merely reckless behavior. *Id.*, citing *Barboza v. New Form, Inc.*, 545 F.3d 702, 707 (9th Cir. 2008). The panel in *Louis Vuitton* reaffirmed this holding as an "accurate reflection of the law." *Louis Vuitton,* F.3d at 944 (stating further that, "[t]o prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights"). Indeed, the appellants in *Louis Vuitton* contended that jury instructions providing said standard was made in error, and this court disagreed, affirming the district court's award of statutory damages for copyright infringement. *Id.* at 944-947. And, as is the case here, willfulness can be found when an infringer fails to investigate the provenance of a

---

[1] Exemplars of the Subject Photographs and the Accused Article will be produced for the jury's review.

work of art before exploiting that work. *Unicolors, Inc. v. Urban Outfitters, Inc.* 853 F.3d 980, 992 (9th Cir. 2017) ("a party may act recklessly by refusing, as a matter of policy, to even investigate or attempt to determine whether particular [works] are subject to copyright protections."). The requisite knowledge "may be inferred from the defendant's conduct[,]" and evidence of actual knowledge is not necessary. *See Sega Enterprises Ltd. v. Maphia*, 948 F. Supp. 923, 936 (N.D. Cal. 1996); *Lauratex Textile Corp. v. Allton Knitting Mills*, 519 F. Supp. 730, 733 (S.D.N.Y. 1981).

Here, McGucken shows that one or more of the Defendants recklessly disregarded the possibility that the Accused Article was infringing. McGucken will show that Pub Ocean recklessly disregarded the very real and obvious possibility that the Accused Article, which copied McGucken's photographs straight from Instagram with no inquiry as to the ownership, authorship, or authorization to use said photographs, was infringement. Subsequently, Pub Ocean, a sophisticated online publisher, recklessly disregarded the possibility that a license was required to exploit McGucken's photography in the Accused Article. Indeed, Pub Ocean turned a blind eye to McGucken's copyrights when it reproduced and displayed the Subject Photographs in the Accused Article. Moreover, Defendant fails to present a single piece of evidence that establishes that they had a good faith belief that their use of the Subject Photographs was lawful.

Plaintiff will also present a comparison of the Subject Photographs and photographs as they appear in the Accused Article to establish the exactitude of the copying, which militates in favor of finding willful infringement. *Lanard Toys Ltd. v. Novelty, Inc.,* 375 Fed. Appx. 705 (9th Cir. 2010) (unpublished) (holding that the "exactitude" of copying was evidence upon which a jury could base a finding of willfulness). It will also present evidence through testimony and interrogatory responses that Defendants failed to engage in copyright checks or any type of fair use

analysis, which is also evidence of infringement. *Id.* Based on the aforementioned claims, McGucken will prove willful infringement.

### C. Plaintiff will seek statutory damages for willful infringement

McGucken will seek to recover statutory damages of up to $150,000.00 per infringement at trial. 17 U.S.C. § 504(c)(1). Pub Ocean's clear and willful copying of the Subject Photographs, and the complete lack of effort to properly license the Subject Photographs from McGucken when they knew he was the author and owner of the Subject Photographs, establish that the full statutory amount may be awarded.

Upon a showing of infringement, such damages are proper even without evidence of actual damages. *Peer Int'l Corp. v. Pausa Records, Inc*., 909 F.2d 1332, 1337 (9th Cir.1990).

### D. Plaintiff is entitled to costs and attorneys' fees

McGucken may also recover his fees and costs. Section 505 of the Copyright Act specifically authorizes an award of attorneys' fees to the prevailing party as part of its costs. 17 U.S.C. § 505. A number of factors are considered in assessing fees and costs, including: "(1) the degree of success of obtained, (2) frivolousness, (3) motivation, (4) the objective unreasonableness of the losing party's factual and legal arguments, and (5) the need, in particular circumstances, to advance considerations of compensation deterrence." *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997), *cert. denied* 523 U.S. 1021 (1998).

All of these factors militate in favor of an award of costs and attorneys' fees to McGucken. McGucken's motivation was positive in that he sought to protect his proprietary photographs, while Pub Ocean's motivation was to obtain free photographic content for its websites without regard for copyrights in order to draw clicks and attention for advertising revenue.

Prevailing copyright holders should recover their fees under the Copyright Act, especially where, as here, the infringer's position is objectively unreasonable, and a finding of willfulness is not required for fees to be awarded. *Kirtsaeng*, 136 S. Ct. at 1988. This issue will be the subject of post-trial motion practice.

### E.  Evidentiary issues

There are a small number of evidentiary issues to address as indicated in the concomitantly submitted Exhibit List and other evidentiary issues are addressed in McGucken's motions in limine.

### F.  Bifurcation

McGucken does not request bifurcation.

### G.  Jury trial

McGucken has requested a jury trial.

### H.  Attorneys' fees

McGucken will seek reimbursement of the costs and fees it has incurred prosecuting this meritorious action for copyright infringement.

### I.  Abandonment of issues

McGucken will not abandon any other claims.

Respectfully submitted,

Dated:  July 12, 2021    By:    /s/ *Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
Attorneys for Dr. Elliot McGucken